376 P.2d 130

**STATE of Arizona, Appellee,**

v.

**Juan QUINTANA, Appellant.**

No. 1250.

Supreme Court of Arizona,

En Banc.

Nov. 14, 1962.

Marilyn A. Riddel, Phoenix, for appellant.

Robert W. Pickrell, Atty. Gen., and Jos. S. Jenckes, V, Asst. Atty. Gen., for appellee.

UDALL, Vice Chief Justice.

This is an appeal by Juan Quintana from a conviction of the crime of illegal possession of narcotic drugs.

The facts pertaining to this appeal are as follows: On July 30, 1961, at approximately 5:00 a. m., the automobile which appellant was driving was stopped by two Phoenix city patrolmen, and appellant was cited for driving the automobile at a speed of forty miles an hour in a "thirty mile an hour" zone. The problem raised by this appeal resulted not from the traffic violation but from events which developed during the brief detention of the violator. As arresting officers were writing the traffic citation they asked appellant if he were the registered owner of the automobile. He said that he was not but that it was owned by "a friend." Then he was asked where the friend lived; and he answered, "Up here a ways," at the same time motioning with his hand. When asked for the automobile registration, he searched for it and handed it to them, but he still was unable or unwilling to tell them who owned the vehicle. Furthermore, after surrendering the registration to the officers he tried to quickly recover it from their hands. During this time his entire decorum was that of nervousness. He looked at his watch frequently, and he continually indicated to the officers that he was in a hurry. He explained his impatience to the patrolmen by saying that he was following someone. Yet the officers could see no other automobile or person on the road at that time.

These circumstances gave rise to a suspicion in the minds of the officers that the car was stolen, and this in turn led to their making a quick search of appellant's person for the purpose of discovering any weapon he might be carrying. It was in this search that a package containing heroin was found in his clothing. This was taken from him and, over his objections, was offered and accepted in evidence at the trial in which he was charged and convicted of illegal possession of narcotics.

The appellant argues that the availability of the heroin as evidence was the fruit of an illegal search and seizure and its admission in evidence was contrary to the provisions of the IVth Amendment of the Constitution of the United States. The United States Supreme Court in the case of Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed. 2d 1081 (1961) held that the prohibition placed upon federal courts with regard to admission of evidence discovered upon an unreasonable search and seizure will be given effect in trials before state courts by virtue of the XIVth Amendment. Prior to the trial appellant moved for suppression of this evidence, and the motion was denied. At trial he objected to its admission, and contrary to his contention that no ruling was made by the court his objection was in fact overruled.

■■ We recognize that a lawful arrest for a minor traffic violation does not, in and of itself, automatically render constitutional any contemporaneous search and seizure.

People v. Gonzales, 356 Mich. 247, 97 N.W.2d 16 (1959); People v. Watkins, 19 Ill.2d 11, 166 N.E.2d 433 (1960). Nevertheless, the test regarding the legality of a search and seizure is whether it was "reasonable" under the circumstances, and the courts have held that circumstances beyond the fact that there was an arrest might justify a search and seizure which otherwise would be unreasonable. Harris v. United States, 331 U.S. 145, 67 S.Ct. 1098, 91 L.Ed. 1399 (1946); People v. Myles, 189 Cal.App.2d 42, 10 Cal.Rptr. 733 (1961); People v. Lucas, 180 Cal.App.2d 723, 4 Cal.Rptr. 798 (1960); People v. Blodgett, 46 Cal.2d 114, 293 P.2d 57 (1956). The court stated in People v. Watkins, supra, at p. 437:

"* * * Police officers often must act upon a quick appraisal of the data before them, and the reasonableness of their conduct must be judged on the basis of their responsibility to prevent crime and to catch criminals."

In that case officers arrested a person for a routine parking violation. But other circumstances such as acquaintance with the party arrested and knowledge of the record of his convictions gave rise to a suspicion that they were dealing with a situation more serious than they had anticipated. They searched the defendant's person and discovered evidence of a crime other than the one for which the arrest was made. The court found this search was reasonable.

Similar fact situations are found in People v. Blodgett, supra, and in People v. Lucas, supra.

■ In People v. Myles, supra, defendant was unable to show the officers a driver's license or to satisfactorily prove ownership of the car he was driving. In this instance the court also held that a search of the defendant was reasonable and proper. The circumstances in the case at bar were similar in nature and gave rise to a reasonable suspicion that the automobile being driven by the appellant was stolen. The driver was not only unable to identify the owner of the vehicle, but his behavior indicated that he was concerned with something more important than a citation for a minor traffic violation.

The reasonable thing for the officers to have done upon having such suspicion was to take necessary measures for preventing injury to themselves or others and to close any possible avenue of escape in the event a serious crime had been committed by the person arrested. People v. Lewis, 187 Cal.App.2d 373, 9 Cal.Rptr. 659 (1960); People v. Watkins, supra; Brinegar v. State, 97 Okl.Crim. 299, 262 P.2d 464 (1953). This they did by searching the man to see if he was armed. The fact that they found something different than that for which they searched does not render a valid search invalid, People v. Gonzales, supra; Self v. State, Fla., 98 So.2d 333 (1957); Harris v.

United States, supra; and since the search was valid so was the seizure, State v. Pelosi, 68 Ariz. 51, 199 P.2d 125 (1948). The evidence against appellant obtained by this search and seizure was legally obtained. It was not error for the court to deny the motion to suppress or to overrule the objection to the admission of such evidence.

■ With regard to appellant's contention that the court erred in refusing to hear arguments on his objections to the admissibility of the evidence during the proceeding of the trial we cite State v. Robbins, 37 Wash.2d 431, 224 P.2d 345 (1950), where it was said at page 346:

"Where, during the trial, the seized articles are offered in evidence, and it does not appear from the state's testimony, or otherwise, that such articles were unlawfully seized, and objection is made to the introduction of such evidence, on the ground that it was unlawfully seized, and the defendant offers, by affidavit, or otherwise, to prove such unlawful seizure, the court should receive the articles in evidence, because it will not, at that stage of the proceedings, stop to investigate the disputed circumstances under which the articles were seized. When a defendant desires to suppress as evidence, the articles taken, he must, within a reasonable time before the case is called for trial, move for such suppression and thus give the court an opportunity to try out the disputed question of fact."

The same ruling was made in State v. Lord, Mo., 286 S.W.2d 737 (1956); and in State v. Hepperman, 349 Mo. 681, 162 S.W.2d 878 (1942).

In State v. Robbins, supra, it was suggested that this rule is subject to exception only where the objecting party discovers additional proof that was not available before the trial upon which to establish inadmissibility. In the case before us the court specifically asked counsel, at the time he requested arguments on his objections, if he had further proof that was not argued before the court when the motion to suppress was considered. Such new proof was not advanced, and the court overruled the objection without argument. This case falls within the general rule and not the exception. Appellant's assignment, therefore, is not well taken.

■ The search and seizure which disclosed the evidence that appellant was guilty of illegal possession of narcotics as well as the procedure by which the court determined its admissibility were proper. We find no error was committed.

Judgment affirmed.

BERNSTEIN, C. J., and STRUCKMEYER, JENNINGS and LOCKWOOD, JJ., concur.