[Crim. No. 8454. Second Dist., Div. Four. Mar. 25, 1963.]

THE PEOPLE, Plaintiff and Respondent, v. JAMES
SULLIVAN, Defendant and Appellant.

Burton Marks for Defendant and Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, Norman H. Sokolow and James A. Schmiesing, Deputy Attorneys General for Plaintiff and Respondent.

JEFFERSON, J.—In an information filed by the District Attorney of Los Angeles County defendant was charged with the crime of possession of a narcotic, marijuana, in violation of section 11530 of the Health and Safety Code. Defendant entered a plea of not guilty and personally waived trial by jury, as did all counsel. Pursuant to stipulation, the cause was submitted to the court on the evidence adduced and testimony as contained in the transcript of the proceedings had at the preliminary hearing. Defendant was found guilty as charged. Motion for a new trial was denied. A probation report was ordered, the proceedings were suspended and probation was granted for four years.

Defendant appeals from the order granting probation and from the order denying a motion for new trial. The latter order is nonappealable. The appeal has been construed to be an appeal from the judgment since under Penal Code section 1237 an order granting probation is deemed to be a final judgment.

On the morning of January 18, 1962, the Los Angeles Police Department received a report that a shooting had occurred. The report included the license number of a car in which a suspect had been seen driving from the area of the shooting. The car was registered to an apartment house located at 1157 West 28th Street. The suspect, Osborne Carter, was apprehended and taken to the apartment house by police officers to look for the gun used in the shooting. Carter led the officers to a second floor apartment. Officer Noonan testified that he was one of the officers present, that Carter knocked at the door and defendant answered it. One of the other officers explained the circumstances surrounding the shooting, stating that they believed the gun was left in the apartment. Defendant answered in substance, "He hasn't been here this morning, but come on in

and look if you want to.'' The officers then entered and searched the apartment, which consisted of one room with a couch that pulled out into a bed. The bed was out, mussed up, and defendant was in pajamas. Under the pillow on the bed the officers found two marijuana cigarettes.

Officer Noonan further testified that at the apartment defendant denied any knowledge of the cigarettes but later in the police station freely admitted to both him and a fellow officer that a musician working in a club managed by defendant gave them to him after he had given the musician a ride.

It was stipulated by counsel that a forensic chemist would testify the two cigarettes found in the apartment contained marijuana.

Defendant testified that the apartment was not his, but belonged to his girl friend who had already left for work when the officers arrived, that he lived in the apartment next door. He was half asleep when he heard a knock at the door. He opened the door about 6 inches and a police officer stuck his badge through the opening. After identifying himself, the officer pushed open the door and he and two fellow officers entered and began searching the room. When shown the cigarettes he denied ever having seen them before and denied that he ever had any marijuana cigarettes in his possession. Defendant also testified he had not admitted to officers that a musician had given him the cigarettes.

Defendant's girl friend, Barbara Des Vignes, testifying on his behalf, stated that he had been in her apartment in the early hours on the morning of January 18, 1962. She denied any knowledge of the marijuana cigarettes. She testified that Carter and a neighbor had visited her on the night of January 17 and that both sat on the couch, it being the only place to sit in the room. She stated that when the bed is folded into the couch a person sitting on the couch would be sitting approximately over the head of the bed.

Defendant contends the evidence was insufficient to support the conviction. It is asserted that no evidence was presented establishing the requisite elements of unlawful possession of narcotics, namely, the exercise of dominion and control over the drug and knowledge of its narcotic character. This contention is devoid of merit. ■ All that is necessary to establish the corpus delicti of unlawful possession of narcotics is a showing that there is a reasonable

probability of unlawful possession by someone. (*People* v. *Fitch,* 189 Cal.App.2d 398, 403 [11 Cal.Rptr. 273]; *People* v. *Lawton,* 186 Cal.App.2d 834, 836-837 [9 Cal.Rptr. 122].)

"It is not necessary to prove appellant's connection with the marijuana in order to establish the essential elements necessary to prove the corpus delicti." (*People* v. *Cuellar,* 110 Cal.App.2d 273, 276 [242 P.2d 694].)

In the case at bench the discovery of the marijuana cigarettes secreted in the apartment established the corpus delicti, namely, a reasonable probability that someone was guilty of unlawful possession. Extrajudicial statements or admissions of the defendant were then admissible in evidence for consideration along with the other evidence to determine whether the guilt of the defendant had been proved beyond a reasonable doubt and to remove any doubt, which in the absence of such declarations would otherwise exist. (*People* v. *Powell,* 34 Cal.2d 196, 203 [208 P.2d 974].)

The trial court found the element of dominion and control by defendant was established by defendant's admission to the police officers that the cigarettes in question were given to him by a musician, and the requirement of knowledge of the narcotic character of the drug was established by application of the rule . . . " 'that the mere possession of a narcotic constitutes substantial evidence to sustain a finding that the possessor of the narcotic knew of its nature.' [Citations.]" (*People* v. *Bretado,* 178 Cal.App.2d 465, 469 [3 Cal.Rptr. 216].)

Defendant contends that he did not make this admission attributed to him by the police officers. The rule, however, is well settled that an appellate court will not reweigh the evidence, assess the credibility of witnesses or determine inconsistencies and contradictions in their testimony, these being matters for the trier of fact to resolve. (*People* v. *Newland,* 15 Cal.2d 678, 681 [104 P.2d 778].)

Before an appellate court will reject statements given by a witness, there must exist either a physical impossibility that they are true, or their falsity must be apparent without the necessity of resorting to deductions or inferences. (*People* v. *Barnett,* 159 Cal.App.2d 22, 28-29 [323 P.2d 96].)

Defendant contends his conviction was based on incompetent evidence, evidence secured by an unlawful search and seizure. However, if a person freely consents to an

entry or search, his constitutional rights are not violated and any search or taking of evidence pursuant to the consent given is not unreasonable. (*People* v. *Michael*, 45 Cal. 2d 751, 753 [290 P.2d 852].)

One of the officers participating in the search testified that the defendant consented to the search. While defendant denied consent, the conflict in the evidence was resolved by the trial court in favor of the People and will not be reweighed on appeal. (*People* v. *Newland*, *supra*, 15 Cal.2d 678, 681.)

Finally, defendant makes the contention that the superior court improperly denied his motion under Penal Code section 995. The argument is raised that the trial court exceeded its jurisdiction in substituting its judgment as to the weight of the evidence for that of the magistrate presiding at the preliminary hearing. It is contended the magistrate made a finding of fact that no consent to search was given by defendant.

The magistrate found that the preponderance of evidence on the consent issue was in favor of defendant but that there was a suspicion in the court's mind as to whether or not consent was given. In addition, the magistrate found that from the evidence "there was reasonable cause to believe that a crime was committed and that the defendant committed the crime."

Section 872 of the Penal Code provides that a defendant must be held to answer if it appears that a public offense has been committed and there is "sufficient cause" to believe that defendant is guilty of the offense. "Sufficient cause" is held to be equivalent to "reasonable or probable cause," and to mean such a state of facts as would lead a man of ordinary prudence to have a strong suspicion of the guilt of the accused. (*Perry* v. *Superior Court*, 57 Cal. 2d 276, 283 [19 Cal.Rptr. 1, 368 P.2d 529].)

It is clear that reasonable and probable cause may exist although there may be room for doubt. (*People* v. *Nagle*, 25 Cal.2d 216, 222 [153 P.2d 344].)

A full-scale review of the evidentiary rulings of the magistrate is not provided by section 995. "The scope of review is simply to determine whether the magistrate has held the defendant to answer without reasonable or probable cause to believe a public offense has been committed with which the defendant is connected and not whether the magistrate erred on questions of admissibility of evidence.

 The only qualification to this principle is that a defendant has been held to answer without reasonable or probable cause if his commitment is based entirely on incompetent evidence. [Citations.]'' (*People* v. *Robinson,* 196 Cal.App.2d 384, 387-388 [16 Cal.Rptr. 404].)

In *Badillo* v. *Superior Court,* 46 Cal.2d 269, 271-272 [294 P.2d 23], the court stated, ''[I]n many cases, however, the evidence before the magistrate bearing on this issue [whether the search and seizure was legal] may be in conflict . . . , and under these circumstances the court in ruling on a motion to set aside the information will frequently not be in a position to make a final determination as to the admissibility of the evidence. Accordingly, the information should not be set aside on the ground that essential evidence was illegally obtained if there is any substantial evidence . . . to support a contrary conclusion [citations], and in such cases the ultimate decision on admissibility can be made at the trial on the basis of all of the evidence bearing on the issue. [Citations.]''

The substantial evidence required on the issue of consent is clearly present in the testimony of Officer Noonan that defendant stated ''. . . come on in and look if you want to.'' Final determination of this question of fact was properly left to the trial court to resolve.

The judgment is affirmed and the purported appeal from the order denying defendant's motion for a new trial is dismissed.

Burke, P. J., and Kingsley, J., concurred.

A petition for a rehearing was denied April 8, 1963, and appellant's petition for a hearing by the Supreme Court was denied May 22, 1963.