386 P.2d 402

**STATE of Arizona, Appellee,**

v.

**Donald P. TIGUE and Herman Schipper,
Appellants.**

No. 1300.

Supreme Court of Arizona,

In Division.

Oct. 30, 1963.

)

Connors & Corbin, by Stephen W. Connors, Phoenix, for appellants.

Robert W. Pickrell, Atty. Gen., Merton E. Marks, Asst. Atty. Gen., and Charles N. Ronan, County Atty., for appellee.

BERNSTEIN, Chief Justice.

Appellants, defendants in a criminal action, were convicted of burglary in the nighttime and burglary by mechanical means.

Defendants were drving on South Central Avenue in Phoenix on the morning of April 13, 1962. Police stopped their car about 3:30 A.M. because one headlight was out. Recognizing the occupants and smelling alcohol on the driver, the officer asked defendant Tigue to step out of the car. His eyes appeared "watery and bloodshot." Upon the arrival of a second officer, Tigue's companion, defendant Schipper, also got out of the car. His eyes were "rolling in his head and speech slightly slurred." Tigue was cited for driving without a license, and was told he would have to submit to a drunkometer test. One of the officers proceeded to search him. He was carrying money in one pocket of the fatigue jacket he was wearing, and in both front pockets of his levis. Seventy-three dollars were counted, of which $48 were in currency; the remainder was in coin and included a roll of nickles and a roll of quarters.

While this investigation was underway, a patrolman stopped to inform the officers that a drugstore directly across the street had been burglarized. Entry had apparently been gained by smashing a drive-in prescription window. Some $180 including several Canadian coins and some rolls of silver had been taken from two cash registers. A bottle of 900 Nembutal capsules was also missing. There was evidence that an unsuccessful attempt had been made to pry the safe open with some instrument. There were three large pry marks, approximately 3/4" wide, along the door of the safe and the tin cover had been pried up about 2".

Although the record is silent as to the precise moment when Schipper was arrested, the officers testified that he was taken into custody for vagrancy, under what the officers referred to as the "vag addict" law. The statute provides, A.R.S. § 36–1062 (A):

"Any person who habitually uses narcotic drugs, or is found to be under the influence of such drugs, * * * shall be guilty of a misdemeanor * * *."

Schipper, too, was searched and $24 found on his person, all but $3 of which was in coin, including a roll of dimes. There was a fresh cut on his wrist. The car was then searched and an additional $11.70 dis-

covered in the glove compartment, including Mexican and Canadian coins. One Nembutal capsule was found on the floor of the car.

■ Defendants contend on appeal that it was error to deny their motion for a new trial because the jury was not instructed on the probative value of circumstantial evidence. With this contention we agree. The evidence here was solely circumstantial. The money found in the defendants' possession fit the description given by the owner of the burglarized store, particularly the rolls of silver and the foreign coins. But none of the monies could be positively identified. The store owner testified that he left approximately $90 in each cash register, but that he could not say how much was in currency and how much in silver, nor the number of rolls there were, nor the number of foreign coins. The coins, including the rolls of silver and the Mexican and Canadians coins, the presence of one Nembutal capsule out of 900 missing, and the cut on Schipper's wrist, are all circumstantial evidence which, taken with the other evidence could point to the guilt of the defendants and can be considered by the jury under proper instructions.

■ This court has held that to warrant a conviction solely on circumstantial evidence, the evidence must be not only consistent with guilt, but inconsistent with every reasonable hypothesis of innocence.

State v. Andrade, 83 Ariz. 356, 321 P.2d 1021. Moreover, the jury must be so instructed. In State v. Cox, 93 Ariz. 73, 75, 378 P.2d 750, 751, we said:

> " * * * this case must be reversed for failure to submit an instruction on circumstantial evidence. The entire evidence against the defendants was circumstantial."

The State points out that in Cox an appropriate instruction was offered by the defense while in the instant case none whatever was offered. We said in State v. Daymus, 90 Ariz. 294, 306, 367 P.2d 647, 655:

> "The weight of authority is that the court on its own motion is under a duty to give proper instructions as to the effect of circumstantial evidence *if the prosecution must rely exclusively on circumstantial evidence to convict.*" (Emphasis supplied.)

Since all the evidence was circumstantial and since the jury was not properly instructed, the convictions cannot stand.

Although the foregoing is dispositive of the appeal, we take up defendants' assignment of error relating to evidentiary matters as it will undoubtedly arise on the retrial. Appellants contend that the evidence produced as a result of searching their persons and the car should not have been admitted at trial. Defendant Schipper contends that the search of his person was

not incident to any arrest; consequently, the evidence was the fruit of an illegal search and seizure in violation of the 14th Amendment and was admitted contrary to the holding in Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081.

■■■ The constitutional protection against unreasonable search may be waived by unequivocal words or conduct expressing consent. People v. Sullivan, 214 A.C.A. 432, 29 Cal.Rptr. 515. Competent evidence in this case indicates that defendant Schipper invited a search. The officer who made the search testified:

"I talked with him for awhile. We just visited and then I asked him if he had anything on him that he shouldn't have, and he told me *no, he didn't—go ahead —and held his arms up.* And at that time I searched him and found the monies." (Emphasis supplied.)

Defendants also complain that the search was unrelated to the offenses charged. In State v. Quintana, 92 Ariz. 267, 376 P.2d 130, the defendant had been stopped for speeding. His conduct aroused the suspicion of the arresting officer, who proceeded to search the defendant and discovered heroin on his person. We said:

"We recognize that a lawful arrest for a minor traffic violation does not, in and of itself, automatically render constitutional any contemporaneous search and seizure. * * * Neverthe-

less, the test regarding the legality of a search and seizure is whether it was 'reasonable' under the circumstances, and the courts have held that circumstances beyond the fact that there was an arrest might justify a search and seizure which otherwise would be unreasonable." 92 Ariz. at 268–69, 376 P.2d at 131.

■■■ We think the police had reasonable grounds to search both defendants and the car under these circumstances. Defendant Tigue was arrested and was taken into custody for a drunkometer test. It was logical that a superficial search should be made to discover if there was liquor on his person. After this search was accomplished, the officers were notified of the burglary across the street. As for defendant Schipper, in view of the fact that he deliberately subjected himself to being searched, we do not think it was unreasonable for the police to do so. People v. Sullivan, supra. Having learned of the burglary and found the rolls of coins and other monies on the persons of both defendants, the police then examined the automobile in which they had been riding. This too, was reasonable under the circumstances. The evidence was properly received by the trial court

Reversed and remanded for a new trial.

UDALL, V. C. J., and LOCKWOOD, J., concurring.