[Crim. No. 2481. Fourth Dist., Div. One. Apr. 12, 1967.]

THE PEOPLE, Plaintiff and Respondent, v. JESSE JAIME LOZANO et al., Defendants and Appellants.

Jesse Jaime Lozano, in pro. per., James H. Quinn and Francis B. Bennett, under appointments by the Court of Appeal, for Defendants and Appellants.

Thomas C. Lynch, Attorney General, Edward P. O'Brien and Michael Buzzell, Deputy Attorneys General, for Plaintiff and Respondent.

BROWN (Gerald), P. J.—Jesse Jaime Lozano and Manuel Valdez Ruiz appeal from judgments of conviction entered

upon jury verdicts of second degree burglary (Pen. Code, §§ 459, 460). Lozano admitted two earlier felony convictions, Ruiz one.

At 3:30 a.m., November 3, 1965, Police Officer Milburn Wilson saw two men (Lozano and Ruiz) put a bag into a trash can near 17th and Broadway Streets in San Diego. The men walked away. Wilson opened the trash can and found a First National Bank money bag containing $260.13 in coin, primarily Kennedy half dollars, Franklin quarters and liberty head dimes. Wilson apprehended and arrested the men. Lozano possessed a hot wire device for starting automobiles and four Kennedy half dollars.

Later in the morning, Detective Paul Novotny investigated a burglary which had occurred during the night at a market on 12th Street, between F and G streets, a short distance from 17th and Broadway. The owner reported missing cartons of Lucky Strike cigarettes, his collection of Kennedy half dollars, Franklin quarters and liberty head dimes, and money from the cash register. Novotny then went to the jail, and warned Lozano and Ruiz of their consitutional rights as required by *Escobedo* v. *Illinois*, 378 U.S. 478 [12 L.Ed.2d 977, 84 S.Ct. 1758] and *People* v. *Dorado*, 62 Cal.2d 338 [42 Cal. Rptr. 169, 398 P.2d 361]. He obtained an opened Lucky Strike cigarette package from Ruiz. He learned they were walking when arrested because Lozano's automobile had stalled somewhere on Island Street; Lozano possessed two traffic citations covering a Jaguar with Texas license plates; and Lozano hot-wired the car to start it. Novotny suspected Lozano and Ruiz had stolen the Jaguar and the Jaguar contained items stolen from the market.

Novotny found the Jaguar on G Street, just east of 16th Street. Looking into the Jaguar he saw wires dangling under the dashboard near the ignition, and an opened carton of Lucky Strikes and coins on the front floor. He could not see the Jaguar's registration slip. He entered the unlocked Jaguar, picked up the cigarettes and coins from the front floor, found three cartons of Lucky Strikes under some clothing on the rear floor and four cartons of Lucky Strikes and a crowbar in the unlocked trunk. Still looking for the registration slip or some indicia of ownership, he discovered a pocket in the leather lining of the front door; the registration slip was in it. Novotny did not have a search warrant.

Lozano and Ruiz contend Novotny unlawfully searched the Jaguar and seized the crowbar and items stolen from the

market. This contention is unmeritorious. Vehicle Code, section 4454, requires vehicle registration slips be plainly and legibly visible from outside the vehicle. Novotny, reasonably believing the Jaguar stolen, sought to locate the registration slip within the car. This was proper (*People* v. *Guerrero,* 247 Cal.App.2d 687 [56 Cal.Rptr. 7]). Nor was Novotny required to ignore the plainly visible opened carton of Lucky Strikes and the loose coin on the front floor. (*People* v. *Hyde,* 51 Cal.2d 152 [331 P.2d 42]; *People* v. *Alvarez,* 236 Cal. App.2d 106 [45 Cal.Rptr. 721]; *Mardis* v. *Superior Court,* 218 Cal.App.2d 70, 74-75 [32 Cal.Rptr. 263]; *People* v. *West,* 144 Cal.App.2d 214 [300 P.2d 729].) Novotny proceeded to search the back seat and unlocked trunk for evidence of ownership and further stolen property. Whether a search is reasonable depends on the facts and circumstances of each case (*Cooper* v. *California,* 386 U.S. 58 [17 L.Ed.2d 730, 87 S.Ct. 788]). In this case, Novotny's search of the back seat and trunk was reasonable. It would be unreasonable to require Novotny, having seen stolen property in a suspected stolen vehicle, and lawfully in it searching for evidence of ownership, to disrupt his investigation, leave the vehicle, obtain a search warrant, return, and *then* look in the back seat and unlocked trunk for evidence of ownership and further stolen property. (See *People* v. *Webb,* 66 Cal.2d 107 [56 Cal.Rptr. 902, 424 P.2d 342].)

 Ruiz contends it was error to admit his statements to the police, citing *Miranda* v. *Arizona,* 384 U.S. 436 [16 L.Ed. 2d 694, 86 S.Ct. 1602, 10 A.L.R.3d 974]. Trial took place in February 1966, before *Miranda's* June 13, 1966, effective date (*People* v. *Rollins,* 65 Cal.2d 681 [56 Cal.Rptr. 293, 423 P.2d 221]; see *Johnson* v. *New Jersey,* 384 U.S. 719 [16 L.Ed. 2d 882, 86 S.Ct. 1772]). Ruiz was properly warned of his constitutional rights as then required (*Escobedo* v. *Illinois,* 378 U.S. 478 [12 L.Ed.2d 977, 84 S.Ct. 1758]; *People* v. *Dorado,* 62 Cal.2d 338 [42 Cal.Rptr. 169, 398 P.2d 361]). Furthermore, Ruiz's failure to object in the trial court eliminates any necessity of considering this contention (*People* v. *Hillery,* 62 Cal.2d 692 [44 Cal.Rptr. 30, 401 P.2d 382]; *People* v. *Merkouris,* 46 Cal.2d 540 [297 P.2d 999]; *People* v. *Woods,* 239 Cal.App.2d 697 [49 Cal.Rptr. 266]).

Judgments affirmed.

Coughlin, J., and Whelan, J., concurred.

The petition of appellant Lozano for a hearing by the Supreme Court was denied June 7, 1967.