257 Cal.App.2d 677 (1968)
65 Cal. Rptr. 103
THE PEOPLE, Plaintiff and Appellant,
v.
GARTH JON BRIAN UPTON, Defendant and Respondent.
Docket No. 6276.
Court of Appeals of California, First District, Division One.
January 9, 1968.
*679 Thomas C. Lynch, Attorney General, Edward P. O'Brien and William D. Stein, Deputy Attorneys General, for Plaintiff and Appellant.
Robert D. Carrow for Defendant and Respondent.
MOLINARI, P.J.
The People appeal from an order setting aside the information charging defendant with possession of marijuana and possession for sale of marijuana (Health & Saf. Code, §§ 11530, 11530.5), following a motion by defendant under Penal Code section 995.
The questions presented are, first, whether the marijuana found in the trunk of the automobile that defendant was driving was the product of an illegal search, and, second, whether there was sufficient cause to hold defendant to answer (Pen. Code, § 872). We hold that the marijuana was the product of a legal search; that there was sufficient cause to hold defendant to answer on the charge of possession; and, finally, that there was insufficient cause to hold defendant to answer on the charge of possession for sale.
On the evening of November 17, 1966, at about 11:25 p.m., Officer Conlin of the San Rafael Police Department observed defendant driving a vehicle containing two other occupants on the wrong side of the street. Conlin stopped the vehicle and asked defendant for his driver's license. Defendant produced an interim driver's license but could not produce registration for the automobile. Defendant said that the owner of the vehicle was a Mr. Ohaire, who lived on the 2200 block of Telegraph Avenue in Oakland, and that he and his two passengers had borrowed the car for a trip to Seattle.
Conlin made a warrant check and discovered that a bench warrant was outstanding for defendant's arrest on a charge of violating Vehicle Code section 14601, subdivision (a) (driving with a suspended or revoked license), with bail set in excess of $200. Conlin also ascertained by radio that the last registered owner of the car was a Marvin Handler of Atherton, California. Conlin then placed defendant under arrest on suspicion of auto theft and on the outstanding warrant.
The officer directed defendant to drive to the parking lot of the county sheriff's office, located approximately five blocks from the scene of the arrest. The trip took about one minute. On arriving at the parking lot, after defendant parked his vehicle Conlin frisked him for weapons and then, at about 11:55 p.m., took defendant into the county jail and booked *680 him. While defendant was being booked, his vehicle remained, unobserved and unlocked, in the parking lot.
Between 12:05 and 12:10 Conlin commenced to search the automobile defendant had been driving. Conlin did not have a search warrant and defendant did not consent to the search. No physical threat to the officer nor danger of destruction of evidence existed at the time of the search. Defendant was in custody and had no control of the vehicle.
Conlin first testified that he searched the vehicle in order to make an inventory of its contents prior to impounding it. He stated that normal procedure for impounding requires the officer to inventory all personal effects in the vehicle in order to protect the owner of the property as well as the officers. Subsequently he testified that a further reason for the search was to find any documents of registration of the vehicle.
Conlin first searched the interior of the car and found a small empty suitcase and a substance resembling marijuana under the seat in the left rear portion of the vehicle. Conlin then opened the unlocked trunk and saw two closed suitcases inside. Another officer, Haasfeld, opened one of the suitcases and in it Conlin observed several small, brick-shaped packages wrapped in coarse brown paper. Conlin had seen similar packages at the office of the Bureau of Narcotic Enforcement and the wrapping is known to narcotics officers as "Mexican butcher paper." On first seeing the packets, Conlin could not observe their contents but formed the opinion that they contained marijuana. Haasfeld tore off the corner of one of the packets and the officers found inside it a green material which Conlin believed to be marijuana.
Subsequent to the search the officers made unsuccessful efforts to locate the present owner of the automobile. The last registered owner had sold the car to a Bob O'Donovan. They were also unable to locate a Mr. Ohaire.
The trial judge, although stating that he considered the search of the car reasonable, held the search unconstitutional under the compulsion of People v. Webb, 243 Cal. App.2d 179 [52 Cal. Rptr. 85]. That opinion has since been vacated and the holding reversed in People v. Webb, 66 Cal.2d 107 [56 Cal. Rptr. 902, 424 P.2d 342]. Defendant nevertheless contends that the search was illegal within the doctrine of Preston v. United States, 376 U.S. 364 [11 L.Ed.2d 777, 84 S.Ct. 881] and People v. Burke, 61 Cal.2d 575 [39 Cal. Rptr. 531, 394 P.2d 67], as well as under People v. Webb, 66 Cal.2d 107 [56 Cal. Rptr. 902, 424 P.2d 342].
*681 Preston appeared to hold that once an accused is arrested and is in custody, a warrantless search of his car, not made at the scene of the arrest, is not incident to the arrest and is prima facie unreasonable. On the basis of Preston, the California Supreme Court in Burke held that absent an emergency there must be compelling reasons and exceptional circumstances to justify a search without a warrant made elsewhere than the scene of the arrest. The court in Burke invalidated a search of the defendant's car made after the defendant was taken to the police station and his car towed to a police impound lot.
Preston and Burke were discussed and analyzed in Webb, which interpreted the rule of Preston as not standing for the proposition that a warrantless search of a car is unreasonable simply because the car is searched at a time and place removed from the scene of the arrest without compelling justification. Webb holds that the rule is that the search must be reasonable under the totality of the circumstances present. Webb distinguished the factual situations in Preston and Burke, pointing out that delaying a search for reasons of convenience does not render the search necessarily unreasonable. In Preston and Burke, the court in Webb pointed out, the defendant was arrested without reasonable cause to believe him guilty of a serious felony, but simply on unsatisfactory circumstances;[1] nothing incriminating was seen or found in the defendant's car at the scene of the arrest; the subsequent search of the car was general and exploratory; and the car could have been searched at the scene since no emergency existed. (See pp. 116-118.)
The factual situation in Webb was as follows: the defendant drove recklessly away to escape arrest, endangering an officer. The arresting officers knew the defendant and had a warrant for his arrest. The officers shot and wounded the defendant in the neck, and his car crashed. While waiting at the scene of the capture for an ambulance, an officer opened the front door of the defendant's car and saw a red balloon on the floor. Later, after defendant had been taken to a hospital and a crowd had gathered, the car was towed 20 blocks to a police lot. About 15 minutes later the car was searched and five more balloons and a small white bindle was found. Each *682 of the balloons and the bindle contained heroin. The entire search was held reasonable.
The interpretation of Preston made by Webb has been confirmed in Cooper v. California, 386 U.S. 58, 59 [17 L.Ed.2d 730, 732, 87 S.Ct. 788] where a search without a warrant was made after a car was impounded in order to institute forfeiture proceedings following defendant's arrest for a narcotic violation; has been followed in federal cases (see, e.g., Crawford v. Bannan, 336 F.2d 505; Boyden v. United States, 363 F.2d 551); and has been firmly established as California law in subsequent cases. (People v. Lozano, 250 Cal. App.2d 58, 59-60 [58 Cal. Rptr. 102]; People v. Williams, 67 Cal.2d 226, 230-231 [60 Cal. Rptr. 472, 430 P.2d 30]; People v. Prochnau, 251 Cal. App.2d 22, 29-30 [59 Cal. Rptr. 265]; People v. Norman, 252 Cal. App.2d 381, 389-390 [60 Cal. Rptr. 609].)
Analyzing the instant case in the light of the holding in Webb, we first note that, since the search took place in the police station parking lot five blocks from the scene of the arrest and within fifteen minutes of the arrest, it was substantially contemporaneous with the arrest. (See People v. Cockrell, 63 Cal.2d 659, 666-667 [47 Cal. Rptr. 788, 408 P.2d 116].) This factor, however, does not in and of itself render the search reasonable if the totality of the circumstances did not warrant the search. Thus, the police could not search defendant's car simply on the basis of an arrest for a traffic violation (People v. Blodgett, 46 Cal.2d 114, 116-117 [293 P.2d 57]; People v. Anders, 167 Cal. App.2d 65, 67-68 [333 P.2d 854] [reversed and remanded on other grounds, Anders v. California (1967) 386 U.S. 738 [18 L.Ed.2d 493, 87 S.Ct. 1396]]; People v. Sanson, 156 Cal. App.2d 250, 253 [319 P.2d 422]); nor do we think that the Constitution permits an otherwise unreasonable search of a car simply because the police have statutory authority to impound it under Vehicle Code, sections 22650 and 22651. We are not unmindful that a number of cases appear to hold that the police may always inventory the contents of a car prior to impounding it, regardless of the reason for the arrest (e.g., People v. Baker, 135 Cal. App.2d 1, 5 [286 P.2d 510]; People v. Ortiz, 147 Cal. App.2d 248, 250 [305 P.2d 145]; People v. Myles, 189 Cal. App.2d 42, 46 [10 Cal. Rptr. 733]; People v. Nebbitt, 183 Cal. App.2d 452, 459 [7 Cal. Rptr. 8]; People v. Odegard, 203 Cal. App.2d 427, 431 [21 Cal. Rptr. 515]; People v. Gil, 248 Cal. App.2d 189, 191 [56 Cal. Rptr. 88]). With the exception of Baker, Ortiz and Gil, which imply that the police have the right to inventory the contents of a car prior to impounding *683 it on a drunk driving arrest, none of the other cases, however, authorize the search of a car merely because it was impounded or simply on the basis of defendant's having committed a traffic violation, but in each there was an added factor which rendered the search reasonable. Thus, in Myles there was reasonable cause to suspect that defendant was guilty of auto theft and theft of items from a clothing store; and in Nebbitt and Odegard, there was reasonable cause to believe the defendant guilty of auto theft.
Several recent cases illustrate the "totality of the circumstances" principle articulated in Webb. In People v. Prochnau, supra, 251 Cal. App.2d at pp. 29-30, it was held that a search of a vehicle that turned up firearms and narcotics after the vehicle was impounded was not unreasonable where the defendant, the driver of the car, was taken into custody as a parole violator by police officers acting for the parole officer and the search was for the purpose of determining the owner of the car, which had no visible evidence of registration. Similarly, in People v. Lozano, supra, 250 Cal. App.2d at pp. 59-60, a search for evidence of ownership of a vehicle that turned up the fruits of a burglary was held to be proper and not unreasonable where the police officer reasonably believed the car had been stolen. Likewise in People v. Norman, supra, 252 Cal. App.2d at pp. 388-391, the court validated a warrantless search of an automobile in which stolen furs were found when the vehicle had been previously identified to the police officers by eyewitnesses to the burglary of a fur store.
[1] In this case the search of defendant's car was justified because there was probable cause to arrest him for auto theft based upon the following circumstances: there was no registration in evidence in the car (in violation of Veh. Code, § 4454, subd. (a)); and Officer Conlin knew that the last registered owner of the car was not the person ("Ohaire") named by defendant as the person who loaned him the car. These facts constituted probable cause for the police to believe that defendant might have stolen the vehicle in the light of the principle that the test of reasonable cause is such a state of facts as would lead a man of ordinary care and prudence to believe and conscientiously entertain an honest and strong suspicion that a crime has been committed and that the defendant may have committed it.[2] (See People v. Ingle, 53 *684 Cal.2d 407, 412 [2 Cal. Rptr. 14, 348 P.2d 577].) Since Conlin had reasonable cause to suspect that defendant had stolen the vehicle, the officer had the right to search the vehicle and to open the suitcases therein in an attempt to ascertain the identity of the owner of the vehicle and to ascertain whether any valuables might have been stolen along with the car.
Defendant cites such cases as People v. Shelton, 60 Cal.2d 740, 744 [36 Cal. Rptr. 433, 388 P.2d 665]; People v. Cruz, 61 Cal.2d 861, 865 [40 Cal. Rptr. 841, 395 P.2d 889]; Tompkins v. Superior Court, 59 Cal.2d 65 [27 Cal. Rptr. 889, 378 P.2d 113]; and Hernandez v. Superior Court, 143 Cal. App.2d 20, 23 [299 P.2d 678], to demonstrate that the search of defendant's car was not reasonable. All these cases, however, deal with searches of a defendant's dwelling place when the defendant is not arrested therein and are not relevant to the instant problem. In Cruz, moreover, it is intimated that the police could have searched the car in which the defendant was arrested, although they could not search his apartment. Defendant also attempts to distinguish this case from Webb on the basis that here there was no compelling reason to remove the car from the scene of the arrest, nothing incriminating was observed in the car, and there was no attempt to escape or any furtive or suspicious conduct. This case is like Webb, however, in that in both cases there was cause to believe that defendant had committed a serious felony (in our case, auto theft). This fact distinguishes the present case from *685 Preston in which the arrest was for vagrancy, a minor offense, and from Burke where the arrest was merely because defendant acted suspiciously in an area where numerous burglaries had recently occurred.
[2] Proceeding to the question whether there was sufficient cause to hold defendant to answer the narcotic charges, we reiterate the following applicable principles: Sufficient cause is defined as "reasonable or probable cause"  that state of facts as would lead a man of ordinary caution to conscientiously entertain a strong suspicion of the defendant's guilt. (Perry v. Superior Court, 57 Cal.2d 276, 283 [19 Cal. Rptr. 1, 368 P.2d 529]; People v. Sullivan, 214 Cal. App.2d 404, 409 [29 Cal. Rptr. 515].) [3] The proof set before the magistrate need not establish the elements of the offense beyond a reasonable doubt (Perry v. Superior Court, supra, 57 Cal.2d at p. 283), but there must be sufficient proof to make it reasonable to believe that the defendant is guilty of the offense charged. (People v. Fitch, 189 Cal. App.2d 398, 402 [11 Cal. Rptr. 273]; People v. Gentemann, 201 Cal. App.2d 711, 715-716 [20 Cal. Rptr. 435].) [4] The burden of proof is on the People to produce evidence of probable cause that the defendant has committed the crime charged. (Garabedian v. Superior Court, 59 Cal.2d 124, 126-127 [28 Cal. Rptr. 318, 378 P.2d 590].)
The cases cited by defendant, such as People v. Winston, 46 Cal.2d 151, 158 [293 P.2d 40]; People v. Redrick, 55 Cal.2d 282, 286-287 [10 Cal. Rptr. 823, 359 P.2d 255]; People v. Hancock, 156 Cal. App.2d 305, 309 [319 P.2d 731]; and People v. Bledsoe, 75 Cal. App.2d 862, 864 [171 P.2d 950], all deal with the question of the sufficiency of the evidence to support a conviction of possession of narcotics. These cases establish only that there must be physical or constructive possession of the narcotic with actual knowledge of its presence and of its narcotic character in order to convict for possession of narcotics. They do not hold that defendant could not be held to answer on the evidence therein presented.
[5] We think that the evidence was sufficient to hold defendant to answer on a charge of possession of marijuana. A suitcase full of marijuana was found in the trunk of a car that defendant was driving. It is unreasonable to suppose that the true owner of the car, if he loaned the car to defendant, left a suitcase full of marijuana in the trunk without making that fact known to defendant, especially if defendant and his passengers were taking a trip to Seattle. Nor is it reasonable *686 to suppose that the suitcase of marijuana was placed in the trunk during the 15 minutes that the car remained unobserved in the police parking lot. This case is not like Bledsoe, supra, relied on by defendant. In that case the defendant's car had been used by another person in a robbery, and the next day the defendant and a friend were found in the car and a package of marijuana cigarettes was also found in the car. Here, however, a suitcase filled entirely with marijuana was present in the trunk of the car, and there is no indication that anyone besides defendant or the former owner of the car placed marijuana in it.
[6] The appellate court may not substitute its judgment for that of the magistrate as to the weight of the evidence against defendant; if there is some competent evidence to support the information, the court will not inquire into its sufficiency. [7] The information will be set aside on the basis of insufficient cause only when there is no evidence that a crime has been committed or there is no evidence to connect defendant with a crime. (People v. Fitch, supra, 189 Cal. App.2d at p. 402; accord: People v. Gentemann, supra, 201 Cal. App.2d at p. 716; Weber v. Superior Court, 35 Cal.2d 68, 69 [216 P.2d 871].) Here, in view of the evidence that the car was not registered to the person identified by defendant, the magistrate was warranted in inferring that since the automobile was in defendant's possession under circumstances indicating that the automobile might have been stolen, defendant was aware of the presence of the marijuana. The quantity of the marijuana and the manner in which it was packaged were such, moreover, as to warrant the magistrate in inferring that defendant knew of its narcotic character.
[8] With respect to the charge of possession for sale, we conclude that there is no evidence whatsoever to support that charge. There is no showing that the quantity of the drug was such that it could only have been possessed for sale. (Cf. People v. Jackson, 241 Cal. App.2d 189, 194 [50 Cal. Rptr. 437].) Moreover, at the argument of the motion to set aside the information in the court below the district attorney conceded that he did not present sufficient evidence in support of this charge. Additionally we point out that the Attorney General has not pointed out any error in this regard in his brief. [9] It is appellant's duty to point out error, and upon his failure to do so we are not obliged to consider such assertion of error since we are entitled to assume that it has been abandoned. (People v. Lindsay, 227 Cal. App.2d 482, 510 *687 [38 Cal. Rptr. 755]; Kyne v. Eustice, 215 Cal. App.2d 627, 631 [30 Cal. Rptr. 391]; Rich v. State Board of Optometry, 235 Cal. App.2d 591, 603 [45 Cal. Rptr. 512]; Coronet Credit Corp. v. West Thrift Co., 244 Cal. App.2d 631, 642 [53 Cal. Rptr. 433].)
The order setting aside the information is reversed as to the first count thereof and affirmed as to the second count.
Sims, J., and Elkington, J., concurred.
Respondent's petition for a hearing by the Supreme Court was denied March 6, 1968.
NOTES
[1] In Preston, the arrest was for vagrancy; in Burke, for an unsatisfactory explanation by defendant for his presence at the scene and for "suspicious circumstances."
[2] On the question of cause to arrest for auto theft, cf. People v. Myles, supra, 189 Cal. App.2d 42, 46 (defendant unable to produce a driver's license or satisfactory proof of ownership of vehicle); People v. Nebbitt, supra, 183 Cal. App.2d 452, 457 (no license plates, temporary registration in evidence, explanation of possession of the car inconsistent with the information in the registration certificate); People v. Galceran, 178 Cal. App.2d 312, 315-316 [2 Cal. Rptr. 901] (no front license plate, no driver's license, registration to one not in car, irregularities in registration slip, occupants of car giving conflicting explanations of ownership); People v. Odegard, supra, 203 Cal. App.2d 427, 431 (no driver's license, proof of registration unsatisfactory, no front plate, and rear plate badly attached). Searches of automobiles were also held to be reasonable in the following cases: People v. Robinson, 62 Cal.2d 889, 894-895 [44 Cal. Rptr. 762, 402 P.2d 834] (drunk driving arrest; abnormal position of rear seat and the defendant's attempt to hide something beneath front seat justified searching car); People v. Blodgett, supra, 46 Cal.2d 114, 116-117 (in getting out of cab the defendant made a furtive gesture); People v. Sanson, supra, 156 Cal. App.2d 250, 253 (car had wrong tail light, no license plate illumination, two passengers apparently tried to hide something under front seat; People v. Prochnau, supra, 251 Cal. App.2d 22, 29-30 (defendant on parole; no registration in evidence; looking for title documents in glove compartment, officer found two automatic pistols). See also People v. Grubb, 63 Cal.2d 614, 618-619 [47 Cal. Rptr. 772, 408 P.2d 100] (right to search car to investigate title exists when car is illegally parked and apparently abandoned and there is no visible registration; authority to search is in Veh, Code, § 2805).