68 Cal.Rptr. 582]

## Appellate Department, Superior Court, Los Angeles

[Crim. A. No. 7804. Apr. 1, 1968.]

THE PEOPLE, Plaintiff and Respondent, v. EARNEST EDWARD NORRIS, Defendant and Appellant.

Epport & Delevie for Defendant and Appellant.

Roger Arnebergh, City Attorney, Philip E. Grey and Donald W. Mowat, Assistant City Attorneys, and Michael T. Sauer, Deputy City Attorney, for Plaintiff and Respondent.

WHYTE, P. J.—Defendant was convicted of violating section 12025 Penal Code by carrying concealed within a vehicle a .32 caliber revolver without having a license to do so. The gun was found by Officer Megeff of the Los Angeles Police Department under the following circumstances. An accident had occurred and defendant's pickup truck was across the middle of the street blocking traffic. Defendant was not at the scene, having been removed by ambulance before the officer's arrival. The officer called a tow truck to remove and impound defendant's vehicle and while awaiting the tow truck's arrival he proceeded to make an inventory of the contents of the vehicle. The revolver was found in the glove compartment. Defendant objected to any testimony regarding the contents of the glove compartment and to the admission of the revolver on the ground that defendant's rights under the Fourth Amendment to the United States Constitution had been violated by an unreasonable search and seizure.

Under the Fourth Amendment two things must be considered: was there a search, and, if so, was that search unreasonable? We believe the "totality of the circumstances" rule laid down in *People* v. *Webb* (1967) 66 Cal.2d 107 [56 Cal. Rptr. 902, 424 P.2d 342] and *People* v. *Williams* (1967) 67 Cal.2d 226 [60 Cal.Rptr. 472, 430 P.2d 30] applies to both considerations.

In the case at bar the trial court made an express finding that the officer's activity was not a search (statement on appeal p. 2 line 22). We believe that finding is supported by the law and the evidence and affirm primarily on that ground.

Black's Law Dictionary (4th) ed. 1951) defines a search as: "An examination of a man's house or other buildings or premises, or of his person, with a view to the discovery of contraband or illicit or stolen property, or some evidence of guilt to be used in the prosecution of a criminal action for some crime or offense with which he is charged."

Webster's New International Dictionary (2d ed.) gives this definition: "To subject to a thorough inspection for an article or articles presumably concealed."

This requirement that a search implies a seeking for contraband or evidence of guilt which has been concealed to use it in

the prosecution of a criminal action is brought out in *Haerr* v. *United States* (5th Cir. 1957) 240 F.2d 533 and appears to be the factor that distinguishes the activity held invalid in *People* v. *Burke* (1964) 61 Cal.2d 575 [39 Cal.Rptr. 531, 394 P.2d 67] and *Preston* v. *United States* (1964) 376 U.S. 364 [11 L.Ed.2d 777, 84 S.Ct. 881] from that held valid in *People* v. *Ortiz* (1956) 147 Cal.App.2d 248 [305 P.2d 145] and *People* v. *Nebbitt* (1960) 183 Cal.App.2d 452 [7 Cal.Rptr. 8].

The only cases we have found where the officers claimed to be, and the evidence would support a finding that they actually were, engaged in the making of a good faith inventory preparatory to, or in the immediate process of, impounding a car are *People* v. *Ortiz, supra,* 147 Cal.App.2d 248; *People* v. *Nebbitt, supra,* 183 Cal.App.2d 452; *People* v. *Upton* (1968) 257 Cal.App.2d 677 [65 Cal.Rptr. 103]; and *Harris* v. *United States* (1968) 390 U.S. 234 [19 L.Ed.2d 1067, 88 S.Ct. 992]. All four cases upheld the constitutionality of the activity of the police officers therein challenged.

Neither *Burke* nor *Preston* involved any claim by the officers that they were in fact making an inventory in connection with the impounding of the vehicle. While *Upton* states that the Constitution does not permit ''an otherwise unreasonable search of a car simply because the police have statutory authority to impound it under Vehicle Code, sections 22650 and 22651'' this means no more than that those sections cannot be used as a subterfuge to cover up otherwise illegal activity, i.e. where the officers are actually engaged in the process of ferreting out evidence to be used in a criminal prosecution they cannot justify such activity under the guise that they were making ''an inventory'' for purpose of impounding. A different result obtains where the officers were in fact acting in good faith and making such an inventory. (Cf. *State* v. *Severance* (1968) 108 N.H. 404 [237 A.2d 683, 686].)

Officers in making an inventory are no more searching than when they look through an open door,[1] or into a car,[2] or around a room they have entered to make a lawful arrest under a warrant.[3] In none of these cases are they required to close their eyes to that which comes into plain sight while they are engaged in such nonsearch activity.

---

[1]*People* v. *Alvarez* (1965) 236 Cal.App.2d 106, 112 [45 Cal.Rptr. 721].

[2]*Mardis* v. *Superior Court* (1963) 218 Cal.App.2d 70, 74 [32 Cal.Rptr. 263].

[3]*People* v. *Jackson* (1961) 198 Cal.App.2d 698, 703 [18 Cal.Rptr. 214].

Moreover, even if it were deemed that there was in fact a search, we believe it to be reasonable under all the circumstances as were the searches in *Cooper* v. *California* (1967) 386 U.S. 58 [17 L.Ed.2d 730, 87 S.Ct. 788]; *People* v. *Grubb* (1965) 63 Cal.2d 614 [47 Cal.Rptr. 772, 408 P.2d 100]; *People* v. *Prochnau* (1967) 251 Cal.App.2d 22 [59 Cal.Rptr. 265]; and *People* v. *Upton, supra,* 257 Cal.App.2d 677.

The judgment is affirmed.

Vasey, J., and Wong, J., concurred.