[Civ. No. 12384.   Third Dist.   Aug. 15, 1969.]

THE PEOPLE, Petitioner, v. THE SUPERIOR COURT OF SACRAMENTO COUNTY, Respondent; HAROLD GROVNOR NIMS, Real Party in Interest.

Thomas C. Lynch, Attorney General, Edward A. Hinz, Jr., and Edward W. Bergtholdt, Deputy Attorneys General, for Petitioner.

No appearance for Respondent.

---

*Retired Presiding Justice of the Court of Appeal sitting under assignment by the Chairman of the Judicial Council.

Thomas E. Murphy and Daniel B. Lorenz for Real Party in Interest.

THE COURT.—The People petition for a writ of mandate pursuant to Penal Code section 1538.5, subdivision (o), seeking review of respondent's order granting a motion to suppress evidence.

The suppressed evidence, 48 packages of marijuana, was seized under the following circumstances. While on duty at 2:30 a.m., November 25, 1968, two California Highway Patrol officers saw an auto being driven at 50 miles per hour in a 35 mile per hour speed zone on a Sacramento street. The car was weaving back and forth between the center line and curb. The officers suspected that its driver was intoxicated. They signaled the vehicle to stop and it did. During the interview which followed the officers formed the opinion that both the driver and the passenger of the car were intoxicated. They saw in plain view a bottle of liquor which had been opened and arrested Nims, the driver, for driving while intoxicated. Since the passenger was too drunk to drive the vehicle from the scene, the officers called a tow truck to remove it. They then proceeded to inventory the contents of the vehicle. A brown paper bag containing 48 matchboxes of marijuana specially packaged apparently for sale was found in the trunk. Nims was then arrested for possession of marijuana and possession for sale.

■ The suppressed evidence was properly seized by the arresting officers. The facts herein are distinguishable from those of *Virgil* v. *Superior Court* (1968) 268 Cal.App.2d 127 [73 Cal.Rptr. 793] (hear. den.), where this court stated that the right to remove a car from the highway, without additional facts, does not justify a search. In *Virgil,* there were sober occupants of the car who could have removed it from the scene, so there was no need to inventory and store the vehicle. In this case, however, since both occupants of the car were drunk, the police had either to tow it from the scene and store it, or leave it unattended on a city street. (Veh. Code, § 22651, subd. (h).) The latter alternative was obviously undesirable, and the former requires inventory for protection of the owner and the storage bailee. An inventory of a vehicle is permissible when there is no reasonable alternative to towing and storage, and evidence which comes to light during the course of such an inventory is properly admitted into evidence. (*People* v. *Gil* (1967) 248 Cal.App.2d 189, 191-192 [56

Cal.Rptr. 88] (hear. den.) ; *People* v. *Ortiz*, (1956) 147 Cal. App.2d 248, 250 [305 P.2d 145] ; *People* v. *Baker* (1955) 135 Cal.App.2d 1, 5 [286 P.2d 510].)

Let a peremptory writ issue as prayed for.

A petition for a rehearing was denied September 11, 1969, and the petition of the real party in interest for a hearing by the Supreme Court was denied October 9, 1969.