[Crim. No. 18646. Second Dist., Div. Four. Mar. 12, 1971.]

THE PEOPLE, Plaintiff and Respondent, v.
VICTOR SAIZE PADILLA, Defendant and Appellant.

**COUNSEL**

Philip J. Catanzaro, Jr., under appointment by the Court of Appeal, for Defendant and Appellant.

Evelle J. Younger, Attorney General, William E. James, Assistant Attorney General, and Douglas B. Noble, Deputy Attorney General, for Plaintiff and Respondent.

OPINION

**DUNN, J.**—By information, appellant was accused of violating Health and Safety Code section 11911, possessing amphetamine, a restricted, dangerous drug (Health & Saf. Code, § 11901), for sale. He was found guilty, sentenced to state prison for the term prescribed by law and now appeals.

A jury trial was waived. Defendant's motion to suppress evidence under Penal Code section 1538.5 was submitted to the court upon the evidence received at the preliminary hearing, plus additional testimony. The motion was denied. The trial of the case thereupon was submitted on the same basis, further evidence being taken, and the trial court found defendant guilty, as indicated.

On this appeal defendant contends: (1) the court's ruling on his motion to suppress was erroneous, and (2) the evidence was insufficient to justify a finding of guilt. We disagree.

About 7:25 p.m. the evening of April 27, 1969 state police officers observed appellant driving a vehicle westbound on Whittier Boulevard, and making a left turn in violation of the rights of an eastbound vehicle. The officers pursued appellant and directed him to the curbing. Appellant got out of the car. He was given a sobriety test and the officers concluded he was under the influence of alcohol. Another man was a passenger in the vehicle but disappeared, leaving the scene. Efforts made by the officers to locate him were unavailing. The vehicle was a Ford pickup truck with a camper body on the truck bed. It was owned by appellant.

Appellant was arrested and placed in the patrol car. One officer called for a tow truck in order to impound appellant's vehicle. While waiting for it to arrive, the officer made an inventory of the contents of the vehicle, using California Highway Patrol form No. 180. Behind the right front section of the seat, two brown paper bags were found. One contained three rolls of film and the other contained 858 white, double-scored tablets of amphetamine.

After the motion to suppress was denied, there was trial evidence that other amphetamine tablets were discovered in the camper.

■ In contending that cataloguing the contents of the vehicle was accomplished in violation of his constitutional rights, appellant relies chiefly upon *Virgil* v. *Superior Court* (1968) 268 Cal.App.2d 127 [73 Cal.Rptr. 793] and *People* v. *Upton* (1968) 257 Cal.App.2d 677 [65 Cal.Rptr. 103]. Both cases are clearly distinguishable. As noted in *People* v. *Andrews* (1970) 6 Cal.App.3d 428, at pages 436-437 [85 Cal.Rptr. 908]:

"In *Virgil,* the evidence fell short of proof of any bona fide inventory; if one were taken, it was committed to memory for no record of it was made. And the court found no reason for the car's impoundment; Virgil had been arrested for a traffic offense and his passengers could probably have taken care of the automobile. . . . In *Upton,* where for other reasons we found a 'search' of an automobile to be proper, we rejected a contention that the police action could also be justified on the 'inventory' theory. A serious question existed whether an inventory was proper since, as in *Virgil,* Upton also had passengers who probably could have taken care of his vehicle upon his arrest." This court discussed the problem and the same authorities in *Martinez* v. *Superior Court* (1970) 7 Cal.App.3d 569 [87 Cal.Rptr. 6].

As noted in *People* v. *Garcia* (1963) 214 Cal.App.2d 681, 684 [29 Cal.Rptr. 609]: "Thus, the officers had a lawful right to impound the car, and they, after Smith and defendant were removed therefrom, took possession of the same for that purpose. At that time . . . the officers proceeded to make an inventory of personal items in the vehicle. . . . 'In the circumstances of this case it was not unreasonable for the police officer to make a [*sic*] inventory of the contents of the automobile prior to impounding it. Such inventory was a protection to the owner of the vehicle, and the garage owner, and the officer. Since the marijuana (found by officers in the glove compartment) was found during the course of making the inventory, it was not discovered as a result of an unreasonable search and therefore it was not inadmissible in evidence.'" (Also see: *People* v. *Superior Court* (1969) 275 Cal.App.2d 631, 632 [80 Cal.Rptr. 209] and *People* v. *Marchese* (1969) 275 Cal.App.2d 1007 [80 Cal.Rptr. 525].)

Vehicle Code section 22651 reads in part: "Any member of the California Highway Patrol . . . may remove a vehicle from a highway under the following circumstances: . . . (h) When an officer arrests any person driving or in control of a vehicle for an alleged offense and the officer is by this code or other law required or permitted to take and does take the person arrested before a magistrate without unnecessary delay." Under Vehicle Code, sections 40302 and 23102 a person charged with drunk driving is to be taken before a magistrate. And Vehicle Code section 22850 provides that whenever an officer removes a vehicle from a highway he is required to impound it.

In the present case, the arrest took place during the nighttime. The officer was justified in ordering the truck impounded. Leaving it overnight, or for a longer period, at the curbing would unreasonably have exposed it to theft and pilferage. The passenger in appellant's car had disappeared and there was no one to whom the truck could be entrusted. Under these circum-

stances the taking of an inventory, prior to impound, was proper. It is true some of the evidence recited was contradicted. Nevertheless, the trial court was entitled to accept the evidence as summarized and to disregard opposing testimony. The denial of appellant's motion to suppress therefore finds adequate support.

The foregoing makes it unnecessary to discuss the People's argument that the property was taken in the course of a constitutionally permitted "search" of the vehicle. (See: *People* v. *Andrews, supra,* 6 Cal.App.3d at p. 438.)

 Appellant's second contention is that the evidence was insufficient to support his conviction. His argument chiefly rests upon a contention that, according to appellant's testimony, his passenger could have placed the contraband behind the front seat and in the camper, and that appellant's mere ownership of the vehicle, standing alone, did not provide sufficient ground on which to find he had knowing possession of the contraband. (*People* v. *Gory* (1946) 28 Cal.2d 450, 454 [170 P.2d 433].) The argument ignores the fact that the trial court was at liberty to disbelieve appellant's testimony. When a claim is made that evidence is insufficient, an appellate court must view the evidence in a light favoring the judgment and is required to disregard contrary evidence or inferences. Possession and knowledge can be established by circumstantial evidence. (*People* v. *Allen* (1967) 254 Cal.App.2d 597, 602-603 [62 Cal.Rptr. 235]; *People* v. *Flores* (1957) 155 Cal.App.2d 347, 349 [318 P.2d 65].) Here, the vehicle was owned by appellant, who was driving it, and the contraband was found in places under his possession and control.

The alleged fact that the passenger had the opportunity to hide the pills without appellant's knowledge rests on appellant's testimony alone. Although appellant had known the passenger for 10 years he claimed inability to locate him as a witness for the trial. The trial court was required to determine the truth or falsity of appellant's self-serving testimony. Quite obviously the trial court disbelieved it and this court is not authorized to take a contrary view of the evidence.

The judgment is affirmed.

Kingsley, Acting P. J., and Irwin, J.,* concurred.

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.