[Crim. No. 19084. Second Dist., Div. Four. Aug. 25, 1971.]

THE PEOPLE, Plaintiff and Appellant, v.
JAMES DENMAN, Defendant and Respondent.

**COUNSEL**

Thomas C. Lynch and Evelle J. Younger, Attorneys General, William E. James, Assistant Attorney General, Joseph P. Busch, District Attorney, Harry Wood and Sueanne C. Lewis, Deputy District Attorneys, for Plaintiff and Appellant.

William N. Byhower for Defendant and Respondent.

**OPINION**

**JEFFERSON, Acting P. J.**—Defendant was charged with possession of marijuana in violation of section 11530 of the Health and Safety Code. Defendant's motion to set aside the information pursuant to Penal Code section 995 was granted and the court ordered the information dismissed. The People appeal pursuant to Penal Code section 1238, subdivision (a)(1). The facts pertinent for the determination of this appeal as set forth in the clerk's transcript of the preliminary examination are as follows:

On May 4, 1970, Deputy Sheriff Griffith was driving a sheriff's patrol vehicle northbound on Hacienda Boulevard in the number one lane. He observed defendant driving a 1959 Cadillac northbound in lane number two. Defendant made a quick turning movement across lane number one, into the left turn lane at Francisquito Street without giving any signal. The officer had to slow his own vehicle to avoid the possibility of contact. The officer stopped defendant's vehicle and approached it from the driver's side and asked defendant for his driver's license. Defendant told the officer that he had lost his license and that he did not own the Cadillac. Officer Griffith thereupon arrested defendant for violation of Vehicle Code section 12951, subdivision (a) (driving a vehicle with no driver's license in his possession).

The defendant was handcuffed and placed in the rear seat of the squad car. Officer Griffith began inventorying the contents of the vehicle in preparation for impounding it. During the process of inventorying the vehicle, the officer observed an open can of beer on the floorboards in the front of the vehicle, near the driver's side. He also observed an attache case lying on the rear seat which was closed but not locked. The officer opened the attache case to examine its contents. While checking the contents of the case, he discovered therein a plastic bag containing a green leafy substance resembling marijuana. The attache case and its contents were booked as evidence, and it was determined, pursuant to stipulation, that the green leafy substance was marijuana.

The officer testified that he arrested defendant under the authority of section 40302, subdivision (a) of the Vehicle Code, which provides in substance that any person arrested for a misdemeanor violation of the Vehicle Code shall be taken before a magistrate if the person fails to present his driver's license or other satisfactory evidence of his identity for examination.

■ The People confine their appeal to two issues:

(1) Did the police have a lawful authority to inventory the contents of the vehicle as part of the impound procedure, and (2) was there reasonable cause to search the automobile as an incident to the arrest of the respondent?

Both of the Attorney General's contentions as well as his arguments are devoid of merit.

The Attorney General argues and places great reliance for his position on the cases of *Martinez* v. *Superior Court,* 7 Cal.App.3d 569, 578 [87 Cal.Rptr. 6] and *People* v. *Superior Court,* 275 Cal.App.2d 631 [80 Cal. Rptr. 209]. However, this reliance on these cases is misplaced, in view of what our Supreme Court has recently said in *Mozzetti* v. *Superior Court,* 4 Cal.3d 699, 712 [94 Cal.Rptr. 412, 484 P.2d 84] and more particularly at page 706, "Merely because the police are not searching with the express purpose of finding evidence of crime, they are not exempt from the requirements of reasonableness set down in the Fourth Amendment. Constitutional rights may not be evaded through the route of finely honed but nonsubstantive distinctions.

"Purely and simply the police inventory conducted here was a police search. Therefore, we disapprove those cases which have suggested that a police inventory may be validated without reference to the requirements of the Fourth Amendment."

The cases that the Attorney General relies on herein, are included by

our Supreme Court in the many appellate court cases that have been disapproved.

The case at bench is almost identical with the facts in the *Mozzetti* case. Before removing the suspect's automobile from the highway (in the *Mozzetti* case) and storing it, the police took a routine inventory of its contents; they opened a closed but unlocked suitcase and seized marijuana found therein for use as evidence. In the case at bench, the police took a routine inventory; opened a closed but unlocked attache case and seized marijuana found therein. We hold, as our Supreme Court held in the *Mozzetti* case, *supra,* 4 Cal.3d 699.

The inventory, by its nature, involves a random search of the articles left in an automobile taken into police custody: The police were looking for nothing in particular and everything in general. But this fact does not justify the search and establish its constitutionality.

To the contrary, a random search is the precise invasion of privacy which the Fourth Amendment was intended to prohibit.

Therefore, we conclude in the case at bench that there were no circumstances to justify the search of defendant's vehicle without a warrant, which they did not have.

The search was not, as the Attorney General urges, incident to a lawful arrest based on probable cause for the police to believe the automobile contained contraband. Nor were there exigent circumstances which made the search reasonable and necessary.

The judgment (order of dismissal) is affirmed.

Kingsley, J., and Dunn, J., concurred.