Filed 7/31/25  P. v. Kurtz CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>  v.<br><br>MAX YASUNARI KURTZ,<br><br>      Defendant and Appellant. | C101592<br><br>(Super. Ct. No. 22FE000616) |

A jury found defendant Max Yasunari Kurtz guilty of being a felon in possession of a firearm.  On appeal, defendant contends there was insufficient evidence he possessed the firearm at issue.  We disagree and affirm the judgment.

FACTUAL AND PROCEDURAL BACKGROUND

On January 8, 2022, Officer Max Bruce was on patrol in an industrial area of Sacramento.  He observed two Chevrolet trucks lifted on jacks, which he found suspicious because of recent burglaries and catalytic converter thefts.  Bruce observed defendant nearby, spoke to him, and conducted a parole search of his person.  Bruce found a key and a title of ownership, known as a pink slip, to a Jayco brand trailer in

1

defendant's pocket. When Bruce asked defendant who owned a nearby trailer,[1] defendant replied that the pink slip to the trailer was in his wallet. Bruce testified that defendant admitted he slept and lived in this trailer.

Officers proceeded to conduct a search of the trailer. The trailer contained several stickers with the word "Hellboy" written on them. Officer Bruce believed Hellboy to be defendant's nickname because a prior booking photograph showed the word tattooed on defendant's stomach. Officers also found in the trailer defendant's birth certificate, paperwork with his name on it, and a cellphone with a Hellboy sticker on it. After searching the trailer for approximately 40 to 60 minutes, officers located a loaded .380 caliber handgun "wedged higher up in the living room on top of molding," which was not immediately visible. The gun was registered to another person and had not been reported stolen.

At trial, Officer Bruce testified he did not recall confirming if there was a vehicle identification number on the trailer that matched the pink slip found in defendant's pocket, but clarified that defendant "had a key to the trailer on his person. He had a title to the same trailer on his person. The keys [found in his pocket] locked and unlocked the trailer, which led me to believe this was his RV. He also verbally advised . . . me that he sleeps in there and resides in there."

An investigator testified he extracted data from the cellphone found in the trailer and determined the phone belonged to defendant. The investigator also testified he located a message on the phone where defendant referred to himself as Hellboy.

Defendant's girlfriend testified that defendant was living in Cameron Park on January 8, 2022, and that she had been to his house.

---

[1] The record also refers to the trailer as an "RV."

Defendant stipulated that he was previously convicted of a felony. During his testimony, defendant denied that the trailer or the gun belonged to him, but admitted he sometimes slept in the trailer and that his nickname was Hellboy. Defendant claimed the pink slip found in his pocket was to a different trailer.

The jury found defendant guilty of being a felon in possession of a firearm. (Pen. Code, § 29800, subd. (a)(1).) In a bifurcated trial, the trial court found true two prior strike convictions as well as several aggravating factors. The court sentenced defendant to the upper term of three years, doubled to six years due to the prior strikes.

Defendant filed a timely notice of appeal.

DISCUSSION

Defendant argues his conviction is not supported by sufficient evidence because the prosecution failed to prove beyond a reasonable doubt that he had knowledge of and control over the gun. We disagree.

In assessing a claim of insufficient evidence, we " ' "examine the whole record in the light most favorable to the judgment to determine whether it discloses substantial evidence—evidence that is reasonable, credible and of solid value—such that a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt." ' " (*People v. Martinez* (2008) 158 Cal.App.4th 1324, 1329.) We presume the evidence of each element of the offense was sufficient, and defendant bears the burden of affirmatively demonstrating otherwise. (*People v. Sanghera* (2006) 139 Cal.App.4th 1567, 1573-1574.) To meet this burden, defendant must do more than just recite his own evidence or portray the available evidence in a light favorable to him. (*Ibid.*)

" '[I]t is the exclusive province of the trial judge or jury to determine the credibility of a witness and the truth or falsity of the facts upon which a determination depends.' " (*People v. Zamudio* (2008) 43 Cal.4th 327, 357.) "We do not reweigh the evidence or revisit credibility issues, but rather presume in support of the judgment the existence of every fact that could reasonably be deduced from the evidence." (*People v.*

3

*Pham* (2009) 180 Cal.App.4th 919, 924-925.) "We must accept all logical inferences that the jury may have drawn from circumstantial evidence." (*People v. Lucero* (2019) 41 Cal.App.5th 370, 411.) " ' "If the circumstances reasonably justify the findings made by the trier of fact, reversal of the judgment is not warranted simply because the circumstances might also reasonably be reconciled with a contrary finding." ' " (*Ibid.*)

The elements of being a felon in possession of a firearm are "(1) the defendant possessed a firearm, (2) the defendant knew that he possessed the firearm, and (3) the defendant had previously been convicted of a felony." (*People v. Clark* (2021) 62 Cal.App.5th 939, 958; Pen. Code, § 29800, subd. (a)(1); CALCRIM No. 2511.) Defendant does not dispute he had a prior felony conviction. As to possession, a "defendant possesses a weapon when it is under his dominion and control. [Citation.] A defendant has actual possession when the weapon is in his immediate possession or control. He has constructive possession when the weapon, while not in his actual possession, is nonetheless under his dominion and control, either directly or through others." (*People v. Pena* (1999) 74 Cal.App.4th 1078, 1083-1084.) "[M]ere proximity to the weapon, standing alone, is not sufficient evidence of possession." (*People v. Sifuentes* (2011) 195 Cal.App.4th 1410, 1417, disapproved on another ground in *People v. Farwell* (2018) 5 Cal.5th 295, 304, fn. 6.) However, " '[t]he inference of dominion and control is easily made when the contraband is discovered in a place over which the defendant has general dominion and control: his residence [citation], his automobile [citation], or his personal effects.' " (*People v. Busch* (2010) 187 Cal.App.4th 150, 162.) Possession of a weapon encompasses having a weapon in one's bedroom, home, or another location under his or her control, even when the

individual is not present at the location. (*In re Charles G.* (2017) 14 Cal.App.5th 945, 951.)

"Possession and knowledge can be established by circumstantial evidence." (*People v. Padilla* (1971) 15 Cal.App.3d 1010, 1014.) " 'Reliance on circumstantial evidence is often inevitable when . . . the issue is a state of mind such as knowledge.' " (*People v. Lewis* (2001) 26 Cal.4th 334, 379; see also *People v. Buckley* (1986) 183 Cal.App.3d 489, 494-495 ["Knowledge, like intent, is rarely susceptible of direct proof and generally must be established by circumstantial evidence and the reasonable inferences to which it gives rise"].)

Defendant argues there was insufficient evidence he knowingly possessed the firearm because the firearm was registered to someone else, it was well-hidden, there was no physical evidence (such as DNA or fingerprints) linking him to the firearm, and his girlfriend testified he did not live in the trailer at the relevant time. However, defendant ignores the evidence connecting him to the trailer where the firearm was found, including his admission to sleeping and residing in the trailer, and the fact that police found the trailer's key in his pocket. Further, officers found his cellphone, stickers with his nickname on them, and other indicia, such as his birth certificate and paperwork with his name on it, inside the trailer. The jury could quite reasonably infer from this evidence that defendant lived in the trailer where the firearm was found, and thus knowingly possessed of the firearm. (See *People v. Williams* (2009) 170 Cal.App.4th 587, 624-625; *People v. Bay* (2019) 40 Cal.App.5th 126, 132 [explaining that even though the evidence of defendant's knowledge of a firearm in his backpack was " 'not overwhelming,' " it was still sufficient for a jury to conclude that he knowingly possessed it].)

In essence, defendant asks this court to reevaluate the evidence in a light most favorable to him and draw contrary inferences from the evidence. Given the deferential standard of review, we cannot do so. (*People v. Lucero*, *supra*, 41 Cal.App.5th at p. 411;

5

see also *People v. Myles* (2023) 89 Cal.App.5th 711, 740 ["for purposes of substantial evidence review, we are not permitted to draw inferences contrary to the verdict"].)

Having found that substantial evidence supports the conviction, we reject defendant's sufficiency of the evidence challenge.

DISPOSITION

The judgment is affirmed.

/s/_____
Duarte, J.

We concur:

/s/_____
Mauro, Acting P. J.

/s/_____
Renner, J.